UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-31-GFVT-HAI-2 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DANIEL R. GOODWIN, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Daniel Goodwin's Motion to Stay Execution of his Sentence Pending Appeal. [*See* R. 232 at 6.] Because Goodwin has not adequately raised a substantial question of law or fact likely to result in reversal, his Motion is denied. *See* 18 U.S.C. § 3143(b).

**I**

On August 28, 2014, a federal grand jury returned an indictment charged Daniel Goodwin with five counts of wire fraud in violation of 18 U.S.C § 1343 and one count of conspiracy to commit wire fraud according to 18 U.S.C § 371. Specifically, the indictment alleged that in 2008, David Bennet, working as managing member of Global Green Holdings and WNT, LLC, approached the mayor of Manchester, Kentucky, to build a recycling center. [*Id*. at 2.] During the course of the crime, Goodwin "acted as registered agent for The Goodwin Law Firm, PLLC, a Virginia professional limited liability corporation, and as trustee for The Goodwin Law Firm Legal Trust." [*Id*. at 2.] The city of Manchester purchased a piece of land in preparation for the recycling center and David Bennett engaged Elza Construction, LLC to perform excavation and grading work on the site. [R. 1 at 2.] David Bennett arranged with Elza

Construction to pay $1,320,000 as an alternative to "a performance bond to ensure its timely and adequate completion of the work on the site." [*Id*. at 3.] Both parties signed a Memorandum of Understanding, indicating that the $1,320,000 would be returned within 105 days and Elza Construction would be paid $44,000,000 for their work on the recycling center. [*Id*.] The parties also signed an "Agreement" in which Goodwin, "through The Goodwin Law Finn, PLLC, agreed to accept Elza Construction, LLC's payment of the $1,320,000.00 amount and transfer that payment to the USA Global Trust for use in obtaining additional financing for construction of the recycling center." [R. 1 at 3.] "Of the $1,320,000.00 E1za Construction, LLC paid pursuant to the 'Agreement' and 'Memorandum of Understanding,' [Goodwin] only transferred $530,613.59 to the USA Global Trust," but transferred additional funds to different accounts held by co-conspirators and withdrew some funds as cash. [*Id*. at 5.] Elza Construction never received any part of the $1,320,000 that was agreed would be returned to them and never received any of the $44,000,000 promised to them in the Memorandum of Understanding and the Agreement.

Following trial, and consistent with a jury's verdict, this Court found Goodwin guilty of four counts of wire fraud and conspiracy to commit wire fraud. [R. 182; R. 1.] He was subsequently sentenced by this Court to be incarcerated for a total period of eighteen months. [R. 236.] Based on the recommendation of the United States Probation Office, the Court concluded that Goodwin was a good candidate for voluntary surrender and set his self-surrender date for January 9, 2018, to allow him adequate time to get his business and personal affairs in order. [*See* R. 237; R. 235.]

On October 27, 2017, Goodwin filed a notice of appeal [R. 236] and seeks bond pending the resolution of this appeal [R. 232]. Goodwin states that he has a "substantial likelihood of

success on the issues raised in his post-trial motions," that he would suffer "irreparable harm" if incarcerated, that there is no victim that will be harmed by staying his sentence, and that Goodwin is not a threat to the general public. [R. 232 at 6.]

**II**

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988). In order to be released pending appeal, a defendant must establish two things: first, he must show, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community; and second, that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *Vance*, 851 F.2d at 167 (6th Cir. 1988) (noting that defendant bears the burden of overcoming statutory presumption of detention).

There is a statutory presumption of detention and Goodwin has not overcome that presumption. His conclusory one page motion does not identify with clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community. *See* 18 U.S.C. § 3143(b).

However, even assuming this Court agrees that Mr. Goodwin satisfies this prong, as can likely be assumed by permitting him to self-surrender in the first place, he has not even attempted to identify a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a

term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b). The Government was unable to respond in any substantive way to this motion, as there was no substantial question of law identified. [*See* R. 241 at 2.] Likewise, this Court cannot evaluate whether he is raising a substantial issue of law when no issue is identified or cited. [*See* R. 232 at 6.]

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby ordered that Goodwin's Motion to Stay Execution of his Sentence Pending Appeal [*see* R. 232 at 6] is **DENIED**.

This the 3rd day of January, 2018.

Gregory F. Van Tatenhove
United States District Judge